41 F.3d 1504
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patrick CAMPBELL, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-1079.
 United States Court of Appeals, Fourth Circuit.
 Decided Nov. 21, 1994.
Submitted Oct. 18, 1994.
Decided: November 21, 1994.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Curtis L. Solomon, Washington, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney General, Lisa Dornell, Carl H. McIntyre, Office of Immigration Litigation, Washington, D.C., for Respondent.
 B.I.A.
 AFFIRMED.
 Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Patrick Campbell seeks review of the Board of Immigration Appeals' ("BIA") decision and order affirming the immigration judge's order finding Campbell deportable as an overstay. Finding no error, we affirm.
 
 
 2
 * Campbell entered the United States from Jamaica in 1989 as a nonimmigrant visitor authorized to stay in this country until July 15, 1989. In June 1989, Campbell's wife filed a visa petition on Campbell's behalf, and he filed an application for adjustment of status to that of permanent resident. After the INS discovered that Campbell's marriage appeared to be a fraud for Campbell to gain permanent residence, his wife withdrew her visa petition and Campbell's application was denied.
 
 
 3
 Campbell was subsequently informed by the INS that to adjust his status to remain in the United States legally: (1) his wife could try and file another visa petition; (2) he could seek a hearing before the immigration court to determine his status; or (3) he could file an application for special immigration status. In May 1991, Campbell was served with an order to show cause and notice of deportation hearing.
 
 
 4
 Campbell argued to the immigration judge that the INS implicitly granted an extension to stay in the United States when they met with him and discussed various avenues for him to seek adjustment of status but did not tell him that he was illegally in the United States. Campbell also sought from the immigration judge an adjustment of status based on his position as a minister of religion. The immigration judge found Campbell deportable and denied his application for adjustment of status. The BIA affirmed the immigration judge's decision and Campbell timely appealed to this Court.
 
 II
 
 5
 Campbell argues on appeal that the INS was estopped from deporting him because the INS's conduct implicitly granted him an exten sion of stay. In deportation proceedings, questions of law are subject to de novo review. Tarvand v. INS, 937 F.2d 973, 975 (4th Cir.1991). For the INS to deport a nonimmigrant as an overstay, it must prove by clear and convincing evidence that the petitioner was admitted for a specific period, that the period has elapsed, and that the petitioner is still in this country. Shoaee v. INS, 704 F.2d 1079, 1082 (9th Cir.1983).
 
 
 6
 Campbell concedes that the period for which he was admitted elapsed in June 1989. He appears to argue, however, that the INS should be estopped from deporting him because the INS's conduct in taking eleven months to deny his original adjustment of status to permanent resident application and their failure to give him notice that he was in the country illegally amounted to an implicit grant of an extension. This argument is meritless.
 
 
 7
 For estoppel to work to prevent the government from deporting an illegal alien, the alien must show at least that the government was guilty of affirmative misconduct during the prosecution of the action. INS v. Miranda, 459 U.S. 14, 19 (1982). Campbell has failed to make such a showing. See Miranda, 459 U.S. at 18; Jaa v. INS, 779 F.2d 569, 572 (9th Cir.1986). Hence, this claim was properly rejected.
 
 III
 
 8
 Campbell also argues that he was denied due process at the deportation hearing because the immigration judge should have granted him an adjustment of status to that of special immigrant because of his position as a minister of religion. Due process in deportation proceedings, however, requires only that the petitioner be given an opportunity to be heard. See Yanez-Popp v. INS, 998 F.2d 231, 237 (4th Cir.1993) (citing Mathews v. Eldridge, 424 U.S. 319, 348 (1976)). Campbell was provided a hearing before the immigration judge, and he was given the opportunity to testify, call witnesses, and present evidence. Hence, Campbell's deportation proceeding did not violate due process.
 
 
 9
 Moreover, the immigration judge correctly denied an adjustment of status because Campbell was in unlawful immigration status on the date he made his application before the immigration judge. See 8 U.S.C.A. Sec. 1255(c) (West Supp.1994); 8 C.F.R. Sec. 245.1(b)(5) (1994). Additionally, the regulations clearly provide that before an adjustment of status can be granted, the application must be filed first with the director of the INS. 8 C.F.R. Sec. 245.2(a) (1994). Hence, Campbell's application for adjustment of status, first made before the immigration judge, was properly denied.*
 
 
 10
 We therefore affirm the order of the BIA. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We reject Campbell's argument that he was renewing his previously denied application for adjustment of status. Campbell has cited no authority for the proposition that he is eligible for an adjustment of status to special immigrant merely because he once filed an application for adjustment of status to permanent resident during the time he was in lawful immigration status. That application was no longer pending at the time of the deportation proceeding and could not be renewed